**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT PIKEVILLE**

**CIVIL ACTION NO. 04-234-DLB**

**CAROL EASTMAN**                                                                                          **PLAINTIFF**

vs.                                  **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                           **DEFENDANT**

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Carol Eastman filed concurrent applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on March 13, 2002. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on January 22, 2003. Following the receipt of additional medical evidence, the ALJ presided over a supplemental hearing on July 15, 2003, for the purpose of eliciting testimony from a vocational expert (VE). Plaintiff was not present at this supplemental hearing, but was represented by counsel. On February 12, 2004, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. This decision was approved by the Appeals Council on April 15, 2004.

1

Plaintiff, who was 43 years old at the time of the hearings, has a high school education and alleges an inability to work beginning on December 7, 2001 due to left knee and neck pathologies, obesity, and depression. Plaintiff injured her knee in an automobile accident on December 7, 2001, and re-injured it less than 2 months later. At the initial hearing before the ALJ, Plaintiff testified that she can walk for 5 minutes, stand for 2-3 minutes, and can occasionally bend, stoop, and squat, even though she experiences pain. (Tr. 18). She can only lift 20 pounds and cannot sit for extended periods of time. (*Id*.). Finally, Plaintiff indicated that, as of late, she has problems with crowds and becomes a "nervous wreck." (*Id*.).

Having exhausted her administrative remedies, Plaintiff filed the instant suit on June 10, 2004. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication.

## II.  DISCUSSION

**A.     Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even

if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1 of the sequential evaluation, the ALJ found that "there is no evidence to reflect substantial gainful activity since the claimant's alleged onset date," and resolved the step in Plaintiff's favor.  (Tr. 15).  At Steps 2 and 3, the ALJ found that Plaintiff's obesity, osteoarthritis of the left knee, neck pathology, adjustment disorder with depressed symptoms, and personality disorder (not otherwise specified) constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a significant range of light work.  Specifically, the ALJ found that Plaintiff can: lift and carry 20 pounds occasionally, 10 pounds frequently, due to her knee and cervical spine problems; stand/walk at least 2 hours in an 8-hour workday, but no longer than 1 hour at

3

a time, due to her knee problems; never perform push or pull maneuvers with her lower left extremity; walk only short distances; sit for 6 hours in an 8-hour workday; occasionally climb stairs or ramps, crouch or stoop; and never climb ladders or ropes, kneel or crawl. (Tr. 22). Also, due to mild mental impairments, the ALJ concluded that Plaintiff has a good ability to follow work rules; use judgment; deal with work stresses; function independently; maintain attention and concentration; understand, remember, and carry out simple job instructions; maintain her personal appearance; behave in an emotionally stable manner; and relate predictably in social situations. (*Id*.). Finally, the ALJ determined Plaintiff has a fair ability to relate to co-workers; deal with the public; interact with supervisors; understand, remember, and carry out complex job instructions; and demonstrate reliability. (*Id*.). Based on this assessment, the ALJ concluded that Plaintiff is unable to perform her past relevant work as a residential group home provider or nurse's aid. At Step 5, however, the ALJ found that there is a significant number of jobs in the regional and national economies that Plaintiff could perform. This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.   Analysis**

In this appeal, Plaintiff argues that: 1) the opinions of Dr. Kenneth Phillips and clinical psychologist Phil Pack support a finding of disability, and 2) the ALJ erred in failing to give controlling weight to the opinion of her treating therapist. In response, the Commissioner alleges that: 1) the ALJ did, in fact, adopt the exertional limitations imposed by Dr. Phillips, 2) the ALJ adequately explained his reasons for discounting the opinion of Mr. Pack, and 3) the opinion of Plaintiff's therapist, Linda Lemaster, was not entitled to

controlling weight because she only observed Plaintiff on two occasions, and she does not qualify as an "acceptable medical source" under the Regulations. *See* 20 C.F.R. § 404.1513.

Plaintiff was evaluated by consultative examiner, Dr. Kenneth Phillips, on June 5, 2002. Dr. Phillips completed a physical RFC form indicating that Plaintiff can lift/carry 20 pounds occasionally, 10 pounds frequently; stand/walk for a total of 2 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; and her ability to push/pull is limited in her lower extremities. (Tr. 124). Dr. Phillips also opined that Plaintiff can occasionally climb ramps/stairs and crouch, and can never kneel, crawl, or climb ladders/ropes/scaffolds. (Tr. 125). At the request of her attorney, Plaintiff was also examined by Certified Clinical Psychologist Phil Pack of East Kentucky Psychological Services, Inc. on January 6, 2003. Mr. Pack completed a mental RFC form indicating that Plaintiff has a good ability to follow simple job instructions and maintain her personal appearance, and a fair ability to follow detailed job instructions; follow work rules; relate to co-workers; deal with the public; use judgment; interact with supervisors; function independently; and behave in an emotionally stable manner. (Tr. 160-61). Mr. Pack opined that Plaintiff has a poor ability to deal with work stress; maintain attention/concentrate; follow complex job instructions; relate predictably in social situations; and demonstrate reliability. (*Id.*). Plaintiff argues that these assessments mandate a finding of disability.

A review of Plaintiff's RFC, which is outlined in greater detail above, reveals that the ALJ adopted the exertional limitations imposed by Dr. Phillips. Therefore, the Court finds any argument to the contrary without merit. The ALJ's written decision also adequately explains his reasons for rejecting the opinion of Mr. Pack. In particular, the ALJ noted:

5

> The assessment from Phil Pack was submitted after a one-time visit on referral from the claimant's attorney. Mr. Pack has a Master's degree in psychology based on the letter head [sic] from East Kentucky Psychological Services, Inc. There is no indication that Mr. Pack is licensed, however. Mr. Pack's opinion, if he is licensed, is due lesser weight than that of a licensed and specialist physician/psychiatrist.

(Tr. 21). The licensed physician/psychiatrist the ALJ was referring to was Dr. Wayne Ross Edwards. Dr. Edwards examined Plaintiff on March 12, 2003. (Tr. 169). He also completed a mental RFC form, which indicated that Plaintiff has a good ability follow work rules; use judgment; deal with work stresses; function independently; maintain attention/concentration; follow detailed, but not complex, job instructions; maintain her personal appearance; behave in an emotionally stable manner; and relate predictably in social situations. (Tr. 176-77). In addition, Dr. Edwards opined that Plaintiff has a fair ability to relate to co-workers; deal with the public; interact with supervisors; follow complex job instructions; and demonstrate reliability. (*Id*.). The ALJ ultimately adopted the opinion of Dr. Edwards in lieu of Mr. Pack because the former is not only a licensed physician, but also a specialist (i.e., a board-certified psychiatrist). Although Plaintiff disagrees with the ALJ's exercise of discretion, it was perfectly appropriate. *See* 20 C.F.R. § 404.1527(f) (noting that the same factors, including specialization, are considered when evaluating the opinions of non-examining, consulting sources as when evaluating the opinions of treating sources).

Plaintiff also argues that the ALJ erred in failing to defer to the opinion of her treating therapist, Linda Lemaster. Plaintiff was first seen by Ms. Lemaster on January 20, 2003 at Mountain Comprehensive Care Center ("MCCC"). (Tr. 157). Plaintiff presented to MCCC complaining of nervousness, agitation, sleeplessness, stress, and depression, and

Lemaster diagnosed her with major depressive disorder with psychotic features. (Tr. 156-57). The only other evidence in the record from Ms. Lemaster is a mental RFC form, which she completed on February 2, 2003. (Tr. 165-68). On that form, Ms. Lemaster assessed Plaintiff's abilities in all the relevant categories as "poor" or "none." (*Id*.). Plaintiff argues that Ms. Lemaster's opinion was entitled to controlling weight under the "treating physician" rule.[1]

Under this rule, the opinions of treating physicians are generally given substantial, if not controlling, deference in social security disability proceedings. 20 C.F.R. § 404.1527(d)(2). *Warner v. Comm'r of Social Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). An ALJ must give the opinion of a treating source controlling weight only if he/she finds the opinion: 1) well-supported by medically acceptable clinical and laboratory diagnostic techniques, and 2) not inconsistent with the other substantial evidence in the case record. *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source - in determining what weight to give the opinion. *Id*. Finally, the regulations also contain a clear procedural requirement: "We will always give good reasons in our notice of

---

[1] Plaintiff also notes that when asked to assume the restrictions imposed by Ms. Lemaster, the VE testified that she would be unable to perform competitive employment. (Tr. 23). As detailed more fully below, however, the ALJ provided adequate reasons for rejecting Ms. Lemaster's opinion.

7

determination or decision for the weight we give [the claimant's] treating source's opinion." See 20 C.F.R. § 404.1527(d)(2).

Consistent with the foregoing legal framework, the ALJ determined that "the opinion from the MCCC therapist is not entitled to the weight generally given [to] a treating source." (Tr. 21). In support, he noted:

> There are no credentials submitted for the therapist from MCCC to ascertain the weight to be given to her opinion. At the time the therapist submitted her assessment, she had seen the claimant on two occasions, based on the record. The therapist, while treating, has not adequately supported her conclusions in the narrative portions of her report. Also, the claimant had worked for the MCCC and the therapist may have been aware of the claimant's claim for disability benefits and presented a biased opinion.

(Tr. 21). The Commissioner casts further doubt on Ms. Lemaster's opinion by arguing that she does not qualify as an "acceptable medical source" under the Social Security Regulations. See 20 C.F.R. § 404.1513(a) (explaining that acceptable medical sources can provide evidence to establish whether a claimant has a medically determinable impairment). Although Ms. Lemaster does not qualify as an "acceptable medical source" under section (a), the Court notes that therapists are deemed "other medical sources," who may provide information regarding the severity of a claimant's impairment and how it impacts the claimant's ability to work. 20 C.F.R. § 404.1513(d)(1). Nevertheless, the ALJ properly evaluated Ms. Lemaster's opinion in light of the factors articulated above, and provided ample reasons for rejecting it. The Court concludes, therefore, that Plaintiff's second error alleged is also without merit.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #5) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #6) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 16th day of May, 2005.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-234-EastmanMOO.wpd